UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ERIC D. VENTRESS,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>ELIAS O. CASTILLO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 3:17-cv-05094-BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTED: September 7, 2018 |

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge Theresa L. Fricke. Now the undersigned, having reviewed plaintiff's complaint, the defendants' motion for summary judgment, and all related briefing and the relevant documents, recommends that defendants' motion for summary judgment be granted.

The defendants' motion addresses all the claims raised by plaintiff's complaint and establishes that defendants are entitled to judgment as a matter of law. Accordingly, this case should be resolved against the plaintiff by dismissal under Federal Rule of Civil Procedure 56, on the merits.

**INTRODUCTION**

Plaintiff filed a 42 U.S.C. § 1983 complaint alleging retaliation. Dkt. 10, p. 3. (In a previous order, this Court determined that the complaint at docket no. 10 is the operative complaint and directed that several of plaintiff's subsequent filings be stricken. Dkt. 44.) Plaintiff alleged the following: On August 14, 2016, he reported that his supervisor in his job in the prison kitchen, defendant Elias O. Castillo, had harassed him and treated him unfairly. Dkt. 10, p. 3.

REPORT AND RECOMMENDATION - 1

1  The same day, Castillo placed a "bad review" in plaintiff's behavioral log. *Id.* He was fired the

2  next day. *Id.* After a program review cleared him of wrongdoing, he was "re-hired," but because

3  he could not work on the same shift as Castillo he could not work as many hours or work

4  overtime anymore. *Id.* He suffered grief and anxiety from being fired. *Id.*

5        Plaintiff requested compensatory damages. Dkt. 10, p. 4.

6        Defendants moved for summary judgment on plaintiff's claim. Dkt. 35. They submitted

7  declarations and exhibits from Castillo as well as plaintiff's "classification counselor," Casey

8  Potts, and Correctional Industries Supervisor Assistant Deborah Lenz. Dkt. 36, 37, 38, 40, 41.

9  Plaintiff did not respond to the summary judgment motion or submit evidence to support his

10 allegations.

11       For the reasons discussed below, the undersigned recommends that defendants' motion

12 for summary judgment be granted.

### STANDARD OF REVIEW

A.    <u>Summary Judgment</u>

Under Rule 56 of the Federal Rules of Civil Procedure (FRCP), "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party is required to support their arguments concerning whether a genuine dispute of material fact exists by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

1  FRCP 56(c)(1). The central issue is "whether the evidence presents a sufficient disagreement to
2  require submission to a jury or whether it is so one-sided that one party must prevail as a matter
3  of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

4      The moving party bears the initial burden of showing "that there is an absence of
5  evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325
6  (1986). Where the moving party does not bear the burden at trial, it can carry its initial burden by
7  presenting evidence that negates an essential element of the nonmoving party's case, or by
8  establishing that the non-movant lacks the quantum of evidence needed to satisfy its burden at
9  trial. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

10     If the moving party meets its initial responsibility, the burden then shifts to the
11 nonmoving party to establish a genuine issue of material fact for trial. *Matsushita Elec. Indus.*
12 *Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986). Genuine disputes are those for which
13 the evidence is such that a "reasonable jury could return a verdict for the nonmoving party."
14 *Liberty Lobby*, 477 U.S. at 257. Material facts are those which might affect the outcome of the
15 suit under governing law. *Id.* A mere scintilla of evidence is insufficient to create a factual
16 dispute. *Id.* at 252. Likewise, the nonmoving party cannot overcome a summary judgment
17 motion by resting upon mere allegations in the complaint, or by relying on unsupported
18 conjecture or conclusory assertions. *Liberty Lobby*, 477 U.S. at 248-49; *Hernandez v. Spacelabs*
19 *Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).

20     In ruling on a motion for summary judgment, the Court must draw all reasonable
21 inferences in favor of the nonmoving party, *Matsushita Elec. Indus. Co.*, 475 U.S. at 587, and
22 may not weigh the evidence or make credibility determinations, *Liberty Lobby*, 477 U.S. at 255;
23 *see also Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015) (district court cannot

24

25

1  disregard evidence at the summary judgment stage solely based on its self-serving nature, even if
2  it is uncorroborated). If a declaration states conclusions rather than facts that would be
3  admissible in evidence, the Court may disregard the self-serving declaration on summary
4  judgment. *See, United States v. Shumway,* 99 F.3d 1093, 1104 (9th Cir. 1999) (a declaration is not
5  cognizable under FRCP 56(c) if it states conclusions but not facts).

6  B.     Section 1983 Standard

7      To sustain a cause of action under 42 U.S.C. §1983, a plaintiff must show (i) that he
8  suffered a violation of rights protected by the Constitution or created by federal statute, and (ii)
9  that the violation was proximately caused by a person acting under color of state law. *See*
10 *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is
11 satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in
12 another's affirmative act, or omitted to perform an act which he was legally required to do that
13 caused the deprivation complained of. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981)
14 (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

## DISCUSSION

16 Plaintiff did not respond to defendants' motion for summary judgment. His complaint
17 alleges he was "harassed and treated unfairly by" defendant Castillo, that he reported this
18 treatment in a grievance, and that Castillo subsequently retaliated against plaintiff by firing him
19 from his kitchen job. Dkt. 10, p. 3.

20 Defendants are entitled to summary judgment for three reasons: First, two of the three
21 defendants plaintiff named are not valid defendants in a section 1983 suit. Second, plaintiff failed
22 to rebut defendants' showing that he cannot meet essential elements of his retaliation claim.
23 Finally, defendants are entitled to qualified immunity because plaintiff has not shown that
24 defendants violated his constitutional rights.

25

- 4

A.  State-Agency Liability

Plaintiff names the Washington State Department of Corrections (DOC) and one of its divisions, Correctional Industries, as defendants. However, the DOC is not a proper defendant in this action as neither a state nor its officials acting in their official capacities are "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, states and state agencies are immune from suit in federal court under the Eleventh Amendment unless a state expressly waives its constitutional immunity. *Alden v. Maine*, 527 U.S. 706 (1999). The State of Washington has not waived its Eleventh Amendment immunity. *Whiteside v. State of Washington*, 534 F. Supp. 774 (E.D. Wash. 1982). For both these reasons, the DOC and its division, Correctional Industries, are improper defendants in this case. *See, e.g.*, *Banks v. Washington*, 2009 WL 3831539 (W.D. Wash. 2009) (Western State Hospital is an improper § 1983 defendant).

B.  Retaliation Claim

Plaintiff alleged in his complaint that defendants retaliated against him for filing a grievance against defendant Castillo. Dkt. 10, p. 3.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (citation omitted); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989). For a First Amendment retaliation claim to survive summary judgment, a prisoner must show five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Moreover, the plaintiff must show that his protected conduct was "the 'substantial' or

1  'motivating' factor behind the defendant's conduct." *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th
2  Cir. 2009).
3        Here, plaintiff has failed to show a genuine issue of material fact as to at least two
4  elements of a retaliation claim: that defendants' action against him was because of his protected
5  conduct, and that defendants' action did not reasonably advance a legitimate correctional goal.
6        First, a plaintiff may show causation by demonstrating that the defendant knew of the
7  protected conduct, and either: (1) there was proximity in time between the protected conduct and
8  the allegedly retaliatory action, or (2) the defendant expressed opposition to the speech, or (3) the
9  defendant's proffered reason for the adverse action was false or pretextual. *Corales v. Bennett*,
10 567 F.3d 554, 568 (9th Cir. 2009); *see Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995)
11 (timing can be considered as circumstantial evidence of retaliatory event). Although timing can
12 be considered as circumstantial evidence of retaliatory action, timing alone is generally not
13 sufficient to establish retaliation. *See Pratt*, 65 F.3d at 808. Overall circumstances of the alleged
14 retaliation must be considered and not simply the order of the events. *Id.*
15       Defendants have submitted evidence negating plaintiff's allegation as to causation, and
16 plaintiff has not rebutted that evidence by showing that a genuine issue of material fact exists.
17       Because plaintiff did not respond to the assertions of fact in defendants' summary
18 judgment motion and accompanying declarations, the Court considers those facts to be
19 undisputed. *Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013); FRCP 56(e). They
20 show that Castillo did not cause plaintiff to be fired, but rather requested that he be reassigned
21 from the shift Castillo and plaintiff shared. Declaration of Elias O. Castillo, Dkt. 40, pp. 2-3.
22 Castillo deliberately refrained from infracting plaintiff so that plaintiff's prospects for prison jobs
23 would not be harmed. Dkt. 40, p. 3. Subsequently, plaintiff did not lose his job, but he was

1  reassigned to an afternoon shift when Castillo did not work. Declaration of Casey Potts, Dkt. 41,
2  p. 3.
3        Most relevant to the element of causation, Castillo and Potts's declarations indicate that
4  Castillo had plaintiff reassigned because he "felt the safety and security of [him]self and others
5  was in jeopardy" based on plaintiff's conduct, and not in retaliation for plaintiff reporting
6  harassment and unfair treatment. Dkt. 40, pp. 2-3; Dkt. 41, pp. 2-3. Plaintiff does not present any
7  evidence that Castillo was instead motivated by plaintiff's report against him. *See Pratt*, 65 F.3d
8  at 808 (timing alone insufficient); *Hernandez*, 343 F.3d at 1112 (allegations in complaint
9  insufficient).
10       In addition, defendants presented evidence that negates the essential element that their
11 actions did not serve legitimate penological goals.
12       The Ninth Circuit has found that preserving institutional order, discipline, and security
13 are legitimate penological goals which, if they provide the motivation for an official act taken,
14 will defeat a claim of retaliation. *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Rizzo v.*
15 *Dawson*, 778 F.2d 527, 532 (9th Cir. 1985) ("Challenges to restrictions of first amendment rights
16 must be analyzed in terms of the legitimate policies and goals of the correctional institution in
17 the preservation of internal order and discipline, maintenance of institutional security, and
18 rehabilitation of prisoners."). The burden is on the plaintiff to allege and prove that legitimate
19 correctional purposes did not motivate the actions by prison officials about which he complains.
20 *See Pratt*, 65 F.3d at 806, 808. District courts must "afford appropriate deference and flexibility"
21 to prison officials "in the evaluation of proffered legitimate penological reasons for conduct
22 alleged to be retaliatory." *Id.* at 807.
23
24
25

Although defendants did not address the elements of a retaliation claim in their summary judgment motion, they presented evidence that their acts advanced legitimate penological goals. *See* Dkt. 35. Castillo stated in a declaration that Food Services Shop Rules and WSP Correctional Industries Operational Rules Agreement establish that "being in an unauthorized or unassigned area or failing to follow a lawful order" could be cause for disciplinary action including termination or infraction. Dkt. 40, p. 2. Enforcing valid prison rules advances legitimate penological goals. *See Beard v. Banks*, 548 U.S. 521, 540-41 (2006).

Defendants presented evidence that they were enforcing these rules in reassigning plaintiff. Castillo stated that in the weeks before August 12, 2016, he "observed plaintiff becoming increasingly argumentative, defiant and angry towards me," and that other prisoners "approached me requesting not to be assigned in a work area near plaintiff." Dkt. 40, p. 2. Castillo stated that when, on August 12, 2016, he told plaintiff to go to the main serving line to serve a meal, "Plaintiff approached me and postured with his fists clinched" (sic). Dkt. 40, p. 2. Castillo wrote that "[d]ue to plaintiff's behavior, I felt the safety and security of myself and others was in jeopardy," and that this was the reason he requested that Potts reassign plaintiff. Dkt. 40, pp. 2-3. Potts corroborated this in a declaration. Dkt. 41, p. 3.

Plaintiff has not presented evidence to rebut defendants' showing that their acts advanced legitimate penological goals. Plaintiff cannot rely on conclusory allegations in the complaint to defeat summary judgment. *Hernandez*, 343 F.3d at 1112.

Accordingly, plaintiff's retaliation claim fails at the second and fifth elements, and defendants are entitled to summary judgment on plaintiff's retaliation claim.

C.  Qualified Immunity

The Court must decide the qualified immunity issue at the summary judgment stage when it turns on issues of law. *Torres v. City of Los Angeles*, 548 F.3d 1197 (9th Cir. 2008). Qualified

immunity is an affirmative defense to damages liability and does not bar actions for declaratory or injunctive relief. *American Fire, Theft & Collision Managers, Inc. v. Gillespie*, 932 F.2d 816, 818 (9th Cir. 1991). To defeat defendants' qualified immunity claims, a plaintiff must show that they violated a statutory or constitutional right and that the "'right was clearly established at the time of the alleged misconduct.'" *Hamby v. Hammond*, 821 F.3d 1085, 1091 (9th Cir. 2016) (quoting *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015)).

In considering the first prong, the Court must ask, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the [defendant's] conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Here, as discussed above, plaintiff does not present facts showing that defendants' conduct violated his constitutional rights. Accordingly, defendants are entitled to qualified immunity.

**CONCLUSION**

The Court should GRANT defendants' motion for summary judgment, Dkt. 35.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating this time limitation, this matter shall be set for consideration on **September 7, 2018**, as noted in the caption.

Dated this 23rd day of August, 2018.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge